5082.001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| AITHENT, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:11-CV-00173-GAF |
| THE NATIONAL ASSOCIATION OF INSURANCE COMMISSIONERS, | ) ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff Aithent, Inc. ("**Aithent**"), by its attorneys McAnany Van Cleave & Phillips, PA and Kennedy Johnson Gallagher LLC, as its reply to the counterclaims of defendant The National Association of Insurance Commissioners ("**NAIC**"), states and alleges as follows:

1. Aithent denies the allegations contained in paragraph 1 of the counterclaims, except admits that Aithent and NAIC entered into the License Agreement[1] in July 2002 and that NAIC has paid Aithent royalties over the past eight years in an amount in excess of $5 million dollars. The remaining allegations contained in paragraph 1 of the counterclaims constitute legal conclusions as to which no response is required.

2. Aithent denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the counterclaims, except admits, upon information and belief, that NAIC is a non-profit corporation whose members consist of the chief regulatory

---

[1] Capitalized terms have the same meaning as those defined in the Complaint.

{K0341363.DOCX; 1}PCLAW-15130        1

Case 4:11-cv-00173-GAF   Document 16   Filed 03/29/11   Page 1 of 9
Case 4:11-cv-00173-GAF   Document 89-6   Filed 01/14/13   Page 1 of 9     EXHIBIT 6

officials of the fifty states, District of Columbia and the United States territories and that NAIC is headquartered at 2301 McGee Street in Kansas City, Missouri.

3. Aithent admits the allegations contained in paragraph 3 of the counterclaims.

4. Aithent denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the counterclaims, except admits, upon information and belief, that NIPR's Board consists of seven members from NAIC and six industry trade association representatives. The allegation which suggests that NIPR is not bound to the terms of the Agreement states a legal conclusion as to which no response is warranted.

5. The allegations contained in paragraph 5 of the counterclaims constitute legal conclusions as to which no response is required.

6. The allegations contained in paragraph 6 of the counterclaims constitute legal conclusions as to which no response is required.

7. Aithent admits the allegations contained in paragraph 7 of the counterclaims.

8. Aithent denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the counterclaims.

9. Aithent denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Aithent denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the counterclaims, except admits, upon information and belief, that an agent, company or third party administrator seeking to make certain regulatory licensing filings may login at www.nipr.com and complete the online form which is then transferred to the pertinent state insurance department.

{K0341363.DOCX; 1}PCLAW-15130  2

Case 4:11-cv-00173-GAF   Document 16   Filed 03/29/11   Page 2 of 9
Case 4:11-cv-00173-GAF   Document 89-6   Filed 01/14/13   Page 2 of 9

11. Aithent denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the counterclaims, except admits that in the late 1990's certain state insurance departments began to implement changes to their processing systems to allow for electronic licensing transactions and that certain other states had developed their own proprietary software.

12. Aithent denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the counterclaims.

13. Aithent denies the allegations contained in paragraph 13 of the counterclaims, except admits that, by 2001, it had already began to develop LEO.

14. Aithent denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the counterclaims, except admits that in or about 2001, NAIC began discussions with Aithent about obtaining an exclusive license to LEO for the development of a web based software to be called "State Based System" or "SBS."

15. Aithent admits that it entered into the Agreement with NAIC in July 2002, and respectfully refers the Court to the Agreement for a full and complete statement of its terms.

16. Upon information and belief, Aithent admits the allegations contained in paragraph 16 of the counterclaims.

17. Aithent respectfully refers the Court to the Agreement for a full and complete statement of its terms.

18. Paragraph 18 of the counterclaims sets forth hypothetical scenarios for which no response is required and, to the extent a response is required, Aithent denies the accuracy of the allegations.

{K0341363.DOCX; 1}PCLAW-15130  3
Case 4:11-cv-00173-GAF   Document 16   Filed 03/29/11   Page 3 of 9
Case 4:11-cv-00173-GAF   Document 89-6   Filed 01/14/13   Page 3 of 9

19. With respect to the hypothetical situation described in Example No. 1, Aithent denies knowledge or information sufficient to form a belief as to whether NAIC has paid Aithent all of the royalties owed under the Agreement. With respect to the hypothetical situations set forth in Example No, 2 and Example No. 3, Aithent denies that the transactions fall beyond the contractual definition of SBS and avers that both examples fall within the contractual definition of SBS, and thus are ones for which royalties are owed to Aithent under the Agreement.

## COUNT I
### (Declaratory Judgment)

20. Aithent admits the allegations contained in paragraph 20 of the counterclaims.

21. Aithent respectfully refers the Court to the License Agreement for a full and complete statement of its terms.

22. Aithent respectfully refers the Court to the License Agreement for a full and complete statement of its terms.

23. The allegations contained in paragraph 23 of the counterclaims constitute legal conclusions as to which no response is required.

24. Aithent denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the counterclaims.

25. Aithent denies the allegations contained in paragraph 25 of the counterclaims, except admits that it was aware of NIPR's existence before signing the License Agreement and respectfully refers the Court to the License Agreement for a full and complete statement of its terms.

26. Aithent denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the counterclaims.

27. Aithent denies the allegations contained in paragraph 27 of the counterclaims.

{K0341363.DOCX; 1}PCLAW-15130  4
Case 4:11-cv-00173-GAF   Document 16   Filed 03/29/11   Page 4 of 9
Case 4:11-cv-00173-GAF   Document 89-6   Filed 01/14/13   Page 4 of 9

28. Aithent denies the allegations contained in paragraph 28 of the counterclaims.

29. Aithent denies the allegations contained in paragraph 29 of the counterclaims.

30. Aithent denies the allegations contained in paragraph 30 of the counterclaims.

31. Aithent admits the allegations contained in paragraph 31 of the counterclaims.

32. The allegations contained in paragraph 32 of the counterclaims constitute legal conclusions as to which no response is required.

33. The allegations contained in paragraph 33 of the counterclaims constitute legal conclusions as to which no response is required.

34. Aithent denies the allegations contained in paragraph 34 of the counterclaims, except admit that NAIC has made the alleged contentions.

35. The allegations contained in paragraph 35 of the counterclaims constitute legal conclusions as to which no response is required.

36. The allegations contained in paragraph 36 constitute legal conclusions as to which no response is required.

37. The allegations contained in paragraph 37 constitute legal conclusions as to which no response is required.

38. The allegations contained in paragraph 38 constitute legal conclusions as to which no response is required.

## COUNT II
### (Injunctive Relief)

39. Aithent repeats and realleges its answers to the allegations contained in paragraph 1 through 38 of the counterclaims as though set forth fully herein.

40. Aithent respectfully refers the Court to the Agreement for a full and complete statement of its terms.

{K0341363.DOCX; 1}PCLAW-15130         5
Case 4:11-cv-00173-GAF   Document 16   Filed 03/29/11   Page 5 of 9
Case 4:11-cv-00173-GAF   Document 89-6   Filed 01/14/13   Page 5 of 9

41. Aithent respectfully refers the Court to the Agreement for a full and complete statement of its terms.

42. Aithent admits the allegations contained in paragraph 42 of the counterclaims.

43. Aithent denies the allegations contained in paragraph 43 of the counterclaims.

44. Aithent admits that the quoted text appeared, at one time, on Aithent's web site.

45. Aithent denies the allegations contained in paragraph 45 of the counterclaims.

46. Aithent denies the allegations contained in paragraph 46 of the counterclaims.

47. Aithent denies the allegations contained in paragraph 47 of the counterclaims.

48. Aithent denies the allegations contained in paragraph 48 of the counterclaims, except admits that Aithent has recently been awarded a contract with the State of Michigan to provide ALiS as a regulatory software.

49. Aithent denies the allegations contained in paragraph 49 of the counterclaims.

## COUNT III
### (Set-off)

50. Aithent repeats and realleges its answers to the allegations contained in paragraph 1 through 49 of the counterclaims as though set forth fully herein.

51. The allegations contained in paragraph 51 of the counterclaims constitute legal conclusions as to which no response is required.

52. Aithent denies the allegations contained in paragraph 52 of the counterclaims.

53. Aithent denies the allegations contained in paragraph 53 of the counterclaims.

54. Aithent denies the allegations contained in paragraph 54 of the counterclaims.

55. Aithent admits that Exhibit B to the Agreement list specifications and requirements for LEO, and otherwise denies the allegations contained in paragraph 55 of the counterclaims.

{K0341363.DOCX; 1}PCLAW-15130    6
Case 4:11-cv-00173-GAF   Document 16   Filed 03/29/11   Page 6 of 9
Case 4:11-cv-00173-GAF   Document 89-6   Filed 01/14/13   Page 6 of 9

56. Aithent denies the allegations contained in paragraph 56 of the counterclaims to the extent it implies that Aithent failed to satisfy any of its legal duties, and avers that it is unclear what NAIC means by the phrase "LEO did not function as an enterprise system."

57. Aithent denies the allegations contained in paragraph 57 of the counterclaims to the extent it implies that Aithent failed to satisfy any of its contractual duties and avers that it was not required to provide NAIC with a Crystal Reports tool and/or a proper license to use the tool.

58. Aithent denies the allegations contained in paragraph 58 of the counterclaims.

59. Aithent denies the allegations contained in paragraph 59 of the counterclaims.

60. Aithent denies the allegations contained in paragraph 60 of the counterclaims.

61. Aithent denies the allegations contained in paragraph 61 of the counterclaims.

62. Aithent denies the allegations contained in paragraph 62 of the counterclaims.

63. Aithent admits the allegations contained in paragraph 63 of the counterclaims.

64. Aithent denies the allegations contained in paragraph 64 of the counterclaims.

## AITHENT'S AFFIRMATIVE DEFENSES

As separate and affirmative defenses to defendant's counterclaims, Aithent hereby asserts as follows:

### First Affirmative Defense

NAIC's counterclaims are barred, in whole or in part, on the grounds that plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

NAIC's counterclaims are barred, in whole or in part, based on the doctrines of waiver and/or estoppel.

{K0341363.DOCX; 1}PCLAW-15130     7
Case 4:11-cv-00173-GAF   Document 16   Filed 03/29/11   Page 7 of 9
Case 4:11-cv-00173-GAF   Document 89-6   Filed 01/14/13   Page 7 of 9

### Third Affirmative Defense

NAIC's counterclaims are barred, in whole or in part, by the statute of limitations.

### Fourth Affirmative Defense

NAIC's counterclaims are barred, in whole or in part, by the doctrines of acquiescence and consent.

### Fifth Affirmative Defense

NAIC's counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### Sixth Affirmative Defense

NAIC's counterclaims are barred, in whole or in part, by the doctrine of laches.

### Seventh Affirmative Defense

NAIC's counterclaims are barred, in whole or in part, by reason of NAIC's failure to perform of all of its obligations under the Licensing Agreement.

WHEREFORE, plaintiff/counterclaim defendant demands judgment in its favor, and against defendant/counterclaim plaintiff, dismissing defendant's counterclaims, awarding plaintiff its fees and costs in this action, and such other and further relief as this Court deems proper.

                Respectfully submitted,

                McANANY, VAN CLEAVE & PHILLIPS, P.A.
                10 E. Cambridge Circle Drive, Suite 300
                Post Office Box 171300
                Kansas City, Kansas 66117-1300
                Telephone: (913) 371-3838
                Facsimile: (913) 371-4722
                E-mail:ggoheen@mvplaw.com

                By: /s/ Gregory P. Goheen
                    GREGORY P. GOHEEN   #58119
      And

{K0341363.DOCX; 1}PCLAW-15130       8

Case 4:11-cv-00173-GAF   Document 16   Filed 03/29/11   Page 8 of 9
Case 4:11-cv-00173-GAF   Document 89-6   Filed 01/14/13   Page 8 of 9

Peter Gallagher
Steven Johnson
KENNEDY JOHNSON GALLAGHER LLC
99 Wall Street, 15th Floor
New York, New York 10005
Telephone: (212) 248-2220
Facsimile: (212) 248-0170
E-mail: pgallagher@kjglaw.com
sjohnson@kjglaw.com

Attorneys for Plaintiff Aithent, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system and/or mailed, postage pre-paid, on this 29th day of March, 2011 to:

Jeffrey J. Simon
Stephen J. Torline
Husch Blackwell, LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112

Attorneys for Defendant

/s/ Gregory P. Goheen

{K0341363.DOCX; 1}PCLAW-15130     9
Case 4:11-cv-00173-GAF   Document 16   Filed 03/29/11   Page 9 of 9
Case 4:11-cv-00173-GAF   Document 89-6   Filed 01/14/13   Page 9 of 9