# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| AITHENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:11-CV-00173-GAF |
| | ) | |
| NATIONAL ASSOCIATION OF INSURANCE | ) | |
| COMMISSIONERS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION IN LIMINE #12:
### PURPOSE OR EFFECT OF NAIC'S ACTIONS RELATING TO ITS STATUS AS A NON-PROFIT ORGANIZATION

Defendant National Association of Insurance Commissioners ("NAIC") respectfully moves this Court for an order excluding any evidence or argument (including any reference to such matters during voir dire, opening statement and closing argument) regarding the purpose or effect of NAIC's actions relating to its status as a non-profit corporation. Any such evidence or argument is irrelevant, would confuse the issues, waste time, and cause unfair prejudice to NAIC. FED. R. EVID. 402, 403.

**A.** **Exclusion of Evidence or Argument Regarding the Purpose or Effect of NAIC's Actions Relating to its Status as a Non-Profit Organization.**

NAIC, an association comprised of the principal insurance regulatory officials of each of the 50 states plus the District of Columbia and five U.S. territories, is organized as a Delaware non-profit corporation. *See* Doc. 87, ¶ 3-4. NAIC's legal status as a non-profit is not a disputed issue in this case. However, during the deposition of NAIC's corporate representative, Julienne Fritz, Aithent's counsel raised several lines of questioning regarding NAIC's status as a non-profit organization, and whether certain actions allegedly taken by NAIC were done to maintain

1

its status as a non-profit. *See* NAIC 30(b)(6) corporate representative deposition (attached as Exhibit 8 to NAIC's Motion in Limine #1), pp. 27:7 – 45:5. In addition, Aithent's counsel posed several argumentative questions suggesting that NIPR was formed by NAIC in order to protect NAIC's status as a non-profit. Id. at pp. 52:19 – 56:25.

All of these issues raised by Aithent, with respect to NAIC's non-profit status and the actions allegedly taken by NAIC which Aithent contends are contrary to NAIC's non-profit status, are irrelevant red herrings. They are not probative of any issue pending in this litigation, and to allow the introduction of evidence and argument related to these issues would confuse the jury, waste time, and cause unfair prejudice to NAIC. Thus, the Court should exclude all such evidence and argument. FED. R. EVID. 402, 403.

<div style="margin-left: 40%;">

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ Jeffrey J. Simon
_____
Jeffrey J. Simon        MO# 35558
Michael S. Hargens      MO# 51077
Aaron J. Mann           MO# 53220
Judd M. Treeman         MO# 64392
4801 Main Street, Suite 1000
Kansas City, MO  64112
Telephone (816) 983-8000
Facsimile (816) 983-8080
jeff.simon@huschblackwell.com
michael.hargens@huschblackwell.com
aaron.mann@huschblackwell.com
judd.treeman@huschblackwell.com

Attorneys for Defendant National Association of Insurance Commissioners

</div>

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was forwarded on May 3, 2013, via the Court's CM/ECF system, to:

Gregory P. Goheen
McAnany VanCleave & Phillips, P.A.
10 E. Cambridge Circle Drive, Suite 300
P.O. Box 171300
Kansas City, KS 66117

Peter J. Gallagher
Steven Johnson
Shannon Fields
Johnson Gallagher Magliery LLC
99 Wall Street, 15th Floor
New York, NY 10005

/s/ Jeffrey J. Simon

KCP-4319472-2