UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

AITHENT, INC.,

    Plaintiff,

-against-

THE NATIONAL ASSOCIATION OF INSURANCE COMMISSIONERS,

    Defendant.

Case No. 4:11-CV-00173-GAF

PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE #2

NAIC Offers No Legitimate Grounds for Excluding Relevant Evidence of its Ownership
and Control of Gateway and/or NIPR.

As set forth in Aithent's summary judgment papers, this dispute centers in large part around Aithent's claim that NAIC breached its implicit and explicit duties under the parties' exclusive license agreement ("**License Agreement**") by failing to pay royalties on numerous transactions for which it used a front-end system, called Gateway, to process transactions that were intended to be processed through SBS. NAIC has taken the position throughout this lawsuit that it did not develop and does not control or operate Gateway because Gateway allegedly belongs to NAIC's affiliate, NIPR. NAIC SJ Mot., p. 79.[1] During document discovery and depositions, however, an overwhelming amount of evidence made clear that NAIC controls NIPR's board of directors, that NAIC itself owns and controls Gateway, and that NAIC played a

---

[1] NAIC's Suggestions in Support of its Motion for Summary Judgment on Counts I, II and V (Doc. 86) is cited herein as "**NAIC SJ Mot.**" Aithent's Suggestions in Support of its Motion for Summary Judgment on Counts I-IV (Doc. 93) is cited herein as ("**Ait. SJ Mot.**")

substantial role in developing Gateway.[2] Ait. SJ Mot., pp. 35-36. NAIC now seeks to preclude Aithent from introducing this evidence at trial on the grounds that it is supposedly irrelevant and unfairly prejudicial, but NAIC's arguments have no merit.

To begin, it is indisputable that NAIC's ownership and control of Gateway, and its role in developing Gateway, are relevant to Aithent's claims under Counts I, II and V. Under Count I, Aithent argues that it is entitled to share in Gateway revenue pursuant to the royalty provision of the License Agreement—which requires NAIC to pay royalties on transactions processed "in or through SBS"—because Gateway fits within the contractual definition of "SBS." Ait. SJ Mot., pp. 36-38. The License Agreement defines "SBS" as, *inter alia*, something which is "proprietary to NAIC." *Id.* at 34. In opposition to Aithent's summary judgment motion, NAIC made clear that it "strongly disputes" the assertion that Gateway is "proprietary to NAIC" so as to fall within the contractual definition of SBS.[3] NAIC Opp., p. 59 at n.8. As NAIC has not disputed, however, the term "proprietary" means subject to a party's ownership or control. Ait. SJ Mot., p. 35. As a result, evidence of NAIC's ownership and control of Gateway is relevant to Count I because it bears directly on the disputed issue of whether Gateway falls within the contractual definition of SBS.

Evidence of NAIC's ownership and control of Gateway, and its control of NIPR, is also relevant to Aithent's claims under Counts II and V. In support of those claims, Aithent alleges *inter alia* that NAIC and NIPR developed and used Gateway to process the same transactions

---

[2] Ironically, in asking the Court to exclude evidence of its ownership and control of Gateway and NIPR, NAIC goes out of its way to claim that no such evidence exists other than the fact that "NAIC and NIPR work out of the same office and have some board members in common." Defendant's Second Motion *in Limine* (Doc. 129), p. 2. In fact, Aithent submitted extensive evidence on summary judgment that NAIC owns and controls Gateway and controls NIPR. Ait. SJ Mot., pp. 35-36. Regardless of how much evidence either party has to support its position, however, the question of whether or not NAIC controls Gateway and NIPR is a material, disputed issue for trial, as discussed above, and NAIC offers no basis on which to exclude Aithent's relevant evidence on this issue.

[3] NAIC's Suggestions in Opposition to Aithent's Motion for Summary Judgment on Counts I-IV (Doc. 115) is cited herein as "**NAIC Opp.**"

that are covered by the License Agreement and then improperly refused to pay royalties on the vast majority of those transactions on the ground that Gateway is not SBS. *See* Ait. SJ Reply, pp. 69-78.[4] Refusing to share Gateway revenue under these circumstances was illegal under applicable law, which provides that if an exclusive licensee abandons the licensed product in favor of a separate product, he must nonetheless pay royalties as if the revenue he earned using the substitute had been earned using the licensed product. *See, e.g., Guardino Tank Processing Corp. v. Olsson*, 89 N.Y.S.2d 691 (Sup. Ct. N.Y. County 1949). Absent such a rule, the licensor's consideration—*i.e.*, the payment of royalties—would be wholly "at [the] mercy [of the licensee]," who might simply abandon the license in favor of a different product on which it need not pay royalties. *G. Golden Assocs. of Oceanside, Inc. v. Arnold Foods Co.*, 870 F. Supp. 472, 476 (E.D.N.Y. 1994).

One of NAIC's defenses to this argument is that it is not NAIC but NIPR which developed, owns and operates Gateway. *See, e.g.*, Defendant's Second Motion *in Limine* (Doc. 129), p. 1 (arguing that "Gateway was developed *by NIPR*, not NAIC"); NAIC. SJ Mot., p. 79. The evidence NAIC seeks to exclude here—evidence that NAIC itself was driving the development of Gateway during the contract term and that NAIC owns and controls Gateway and controls NIPR—is therefore relevant to prove that Aithent is seeking to hold NAIC responsible for its own conduct, rather than NIPR's, and that Gateway is NAIC's own product rather than simply a product belonging to and controlled by its supposedly independent affiliate.

NAIC argues that evidence of its control of Gateway and NIPR should nonetheless be excluded because Aithent has not proved that NAIC and NIPR are alter egos or that grounds exist to pierce the corporate veil. Defendant's Second Motion *in Limine* (Doc. 129), pp. 2-3.

---

[4] Aithent's Reply Suggestions in Further Support of its Motion for Summary Judgment on Counts I-IV (Doc. 126) is cited herein as "**Ait. SJ Reply**."

This argument is neither here nor there because Aithent does not need to pierce the corporate veil or prove an alter ego theory in order to hold NAIC responsible for its own conduct in breach of the License Agreement. What NAIC is actually seeking to exclude is not proof of alter ego, but rather, proof that it was NAIC itself who engaged in the illegal conduct at the heart of Aithent's claims.

NAIC finally argues that it will be unfairly prejudiced and that the jury will be somehow misled if Aithent is allowed to prove NAIC's ownership and control of Gateway, or its control of NIPR (Defendant's Second Motion *in Limine* (Doc. 129), p. 3), but it offers no explanation of how it could conceivably be unfairly prejudiced or in what manner the jury would be "misled." *Id.* As a result, NAIC's arguments on this motion all fail, and the motion should be denied.

## Conclusion

For all of the foregoing reasons, NAIC's motion *in limine* should be denied.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, Suite 300
Post Office Box 171300
Kansas City, Kansas 66117-1300
Telephone: (913) 371-3838
Facsimile: (913) 371-4722
E-mail:ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
      GREGORY P. GOHEEN    #58119

and

>Peter J. Gallagher
>Steven D. Johnson
>Shannon J. Fields
>JOHNSON GALLAGHER MAGLIERY, LLC
>99 Wall Street, 15th Floor
>New York, New York 10005
>Telephone: (212) 248-2220
>Facsimile: (212) 248-0170
>E-mail: pgallagher@kjglaw.com
>sjohnson@kjglaw.com
>sfields@kjglaw.com

>Attorneys for Plaintiff Aithent, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system and/or mailed, postage pre-paid, on this 10th day of May, 2013 to:

Jeffrey J. Simon
Michael S. Hargens
Husch Blackwell, LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112

Attorneys for Defendant

/s/ Gregory P. Goheen