UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

AITHENT, INC.,

        Plaintiff,

-against-

THE NATIONAL ASSOCIATION OF INSURANCE
COMMISSIONERS,

        Defendant.

Case No. 4:11-CV-00173-GAF

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO**
**DEFENDANT'S MOTION IN LIMINE #4**

**The Evidence of NAIC's Ethnic Bias is Relevant to NAIC's Motivations and Bad Faith
and Will Not Unfairly Prejudice NAIC**

Ironically, defendant National Association of Insurance Commissioners ("**NAIC**") argues that the court should bar Aithent from introducing evidence of NAIC's pervasive racial prejudice against Aithent's employees on the basis that it would be unfairly prejudicial to NAIC. NAIC also argues that evidence of its employees' ethnic bias against Aithent's culture is irrelevant and without probative value. NAIC is incorrect, as evidence of racial prejudice is relevant to NAIC's state of mind and admissible to prove its motive and intent. FED. R. EVID. 404(b)(2).

In general, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *U.S. v. Van Elsen*, 652 F.3d 955, 962 (8th Cir. 2011), *quoting* FED. R. EVID. 401. Under this standard, NAIC's statements of ethnic prejudice against Aithent's Indian culture that were documented in its business records is highly relevant to a determination of its motivations in failing to treat its business partner with respect and honesty and in failing to

{K0390837.DOCX; 1}        1

honor its contractual obligations. *Wilson v. Potter*, Nos. 4:04CV00086-WRW, 4:05CV00887-WRW, 2007 WL 158732, at *1 (E.D. Ark. Jan 17, 2007) (evidence of discriminatory conduct is relevant under FED. R. EVID. 404(b) to show "possible discriminatory motive and intent" and evidence of past discriminatory conduct of a manager is "relevant to show discriminatory motive").

NAIC suggests that the evidence cited by Aithent does not indicate a widespread animus, but the documents produced by NAIC during discovery indicate a pervasive disdain for Aithent's Indian culture – from the project managers (Doc. 93, Ex. 21) to the software engineers (Doc. 93, Ex. 68) and SBS business analysts (Doc. 93, Ex. 69). The evidence would be probative of NAIC's motivations if it just concerned the documented sentiments of its managers (one of whom listed Aithent's Indian culture as a "con") (Doc. 93, Ex. 21), but since the evidence demonstrates a pattern of ethnic prejudice at NAIC, it is certainly relevant to NAIC's motives in its treatment of Aithent. *Phillip v. ANR Freight Sys., Inc.*, 945 F.2d 1054, 1056 (8th Cir. 1991) (holding that "evidence which tended to show a climate of race ... bias" at a company was relevant and "may be critical for the jury's assessment" of the company's motives) (internal quotation and citation omitted).

Moreover, NAIC cannot deny that its motivation, both for its breaches of contract and, in certain instances, its subsequent deliberate actions taken to deceive Aithent with regard to those breaches, is at issue in this case. NAIC itself argued at length in its summary judgment briefing that if its breaches of the License Agreement were "motivated exclusively by its own economic self-interest," then its breaches would not demonstrate any "malice" or "bad faith," and whether NAIC acted in bad faith is a key factual issue in this case. (Doc. 120, pp 5-6.) Since the evidence NAIC seeks to exclude in this motion is highly relevant to and probative of its

motivations in breaching its contract with Aithent, and since whether NAIC acted in bad faith is a fact issue for the jury to determine, the Court should refuse to limit Aithent's right to introduce evidence on this topic at trial. *Contreras v. City of Chicago*, No. 94 C 4201, 1994 WL 700263, at *3 (N.D. Ill. Dec. 13, 1994) (holding that facts supporting showing that "actions were motivated by racial animus" were sufficient to allege bad faith); *Blanche Rd. Corp. v. Bensalem Twp.*, Civ. A. No. 89-9040, 1992 WL 168000, at *5 (E.D. Pa. July 8, 1992) ("[I]n disputed factual situations, determinations of the existence of bias, bad faith, improper motive, [or] racial animus ... are properly made by the finder of fact." (internal citation omitted)).

In summary, NAIC's request to be spared the prejudice during the trial that may result from a demonstration of its own racial prejudice "ring[s] hollow given that the evidence in question [is] merely a recitation of [NAIC's] own words. Testimony about motive is admissible, even if the words reveal a racial bias." *Demings v. Schomig*, No. C 04-2635 SBA, 2006 WL 2868974, at *14 (N.D. Cal. Oct. 6, 2006) (upholding trial court "determination that the Petitioner's statements [regarding race] were more probative than prejudicial" where the "trial court held that the statements went to motive and credibility"). Any prejudice to NAIC by the introduction of evidence of its institutional racial bias against Aithent would be entirely fair, rather than unfair, and would be substantially outweighed the probative value of the evidence. *See* FED. R. EVID. 403.

## Conclusion

For all of the foregoing reasons, NAIC's motion *in limine* should be denied.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, Suite 300
Post Office Box 171300
Kansas City, Kansas 66117-1300
Telephone: (913) 371-3838
Facsimile: (913) 371-4722
E-mail: ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
    GREGORY P. GOHEEN   #58119

and

Peter J. Gallagher
Steven D. Johnson
Shannon J. Fields
JOHNSON GALLAGHER MAGLIERY, LLC
99 Wall Street, 15th Floor
New York, New York 10005
Telephone: (212) 248-2220
Facsimile: (212) 248-0170
E-mail: pgallagher@kjglaw.com
       sjohnson@kjglaw.com
       sfields@kjglaw.com

Attorneys for Plaintiff Aithent, Inc.

{K0390837.DOCX; 1}    4

Case 4:11-cv-00173-GAF   Document 164   Filed 05/10/13   Page 4 of 5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system and/or mailed, postage pre-paid, on this 10th day of May, 2013 to:

Jeffrey J. Simon
Michael S. Hargens
Husch Blackwell, LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Attorneys for Defendant

                                                /s/ Gregory P. Goheen