UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

AITHENT, INC.,

                              Plaintiff,                    Case No. 4:11-CV-00173-GAF

            -against-

THE NATIONAL ASSOCIATION OF INSURANCE
COMMISSIONERS,

                              Defendant.

## PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #5

### NAIC Offers No Legitimate Grounds for Excluding Relevant Evidence

NAIC argues that evidence of its annual revenues or net worth should be excluded on the grounds that it is irrelevant, but such evidence is relevant to whether NAIC breached the parties' license agreement ("**License Agreement**") by failing to make reasonable efforts to develop and market SBS during the contract term. Courts have recognized that in evaluating the reasonableness of a party's conduct under an express or implied best efforts clause, the trier of fact should consider the defendant's efforts "in light of [its] ability and the means at its disposal and of the other party's justifiable expectations." *Scott-Macon Sec., Inc. v. Zoltek Co.*, No. 04Civ.2124MBM, 2005 WL 1138476, at *14 (S.D.N.Y. 2005), quoting E. Farnsworth, *Contracts,* § 7.17 (3d ed.2004). As a result, NAIC's annual revenues and net worth are relevant factors the jury should consider in evaluating the reasonableness of NAIC's effort to develop and promote SBS.

NAIC cites several cases to suggest that evidence of its wealth may prejudice the jury

(Def MIL, pp. 1-2[1]), but these cases do not support NAIC's position. To the contrary, they reflect that the probative value of a party's wealth will typically outweigh a general claim of unfair prejudice where such evidence bears directly on an issue in the case. *See, e.g.*, *Moore v. King County Fire Protection Dist. No. 26*, No. C05-442JLR, 2006 WL 2645182, at *4 (W.D. Wa. Sept. 14, 2006) (while "[g]enerally speaking, neither parties' relative wealth or poverty is relevant in this action," such evidence was admissible on the one issue to which the court did find it "relevant"); *VSI Holdings, Inc. v. SPX Corp.*, No. 03-CV-70225-DT, 2005 WL 5980804, at *7-8 (E.D. Mich. Apr. 12, 2005) (evidence of wealth would be admissible if relevant to show motive, but not simply "for the purpose of appealing to the jury's sympathy"); *Garcia v. Sam Tanksley Trucking, Inc.*, 708 F.2d 519, 522 (10th Cir. 1983) (although closing argument which "attempt[ed] to contrast [defendant's] wealth with plaintiffs' poverty" was improper because it did not bear on any issues in a personal injury case, it was not prejudicial so as to justify reversal of judgment for plaintiff); *United States v. Petroski*, 132 F.3d 1454, at *4 (5th Cir. 1997) (recognizing in passing trial court's comment that evidence of wealth is sometimes prejudicial).

Because the evidence NAIC seeks to preclude on this motion is relevant to disputed issues for trial, and because NAIC cannot demonstrate that whatever risk of unfair prejudice it claims may exist will "substantially outweigh" the probative value of the evidence, its motion should be denied.

## Conclusion

For all of the foregoing reasons, NAIC's motion *in limine* should be denied.

---

[1] "Defendant's Motion in Limine 5: NAIC's Annual Revenues and/or Net Worth" (Doc. 132) is cited herein as "**Def. MIL.**"

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, Suite 300
Post Office Box 171300
Kansas City, Kansas 66117-1300
Telephone:      (913) 371-3838
Facsimile:      (913) 371-4722
E-mail:ggoheen@mvplaw.com


By: /s/ Gregory P. Goheen
       GREGORY P. GOHEEN       #58119

and

Peter J. Gallagher
Steven D. Johnson
Shannon J. Fields
JOHNSON GALLAGHER MAGLIERY, LLC
99 Wall Street, 15th Floor
New York, New York 10005
Telephone: (212) 248-2220
Facsimile: (212) 248-0170
E-mail: pgallagher@kjglaw.com
       sjohnson@kjglaw.com
       sfields@kjglaw.com

Attorneys for Plaintiff Aithent, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system and/or mailed, postage pre-paid, on this 10th day of May, 2013 to:

Jeffrey J. Simon
Michael S. Hargens
Husch Blackwell, LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Attorneys for Defendant

       /s/ Gregory P. Goheen