UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

AITHENT, INC.,

                     Plaintiff,

-against-

THE NATIONAL ASSOCIATION OF INSURANCE COMMISSIONERS,

                     Defendant.

Case No. 4:11-CV-00173-GAF

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #7**

Plaintiff Aithent, Inc. ("**Aithent**") respectfully submits this memorandum in opposition to Defendant National Association of Insurance Commissioners' ("**NAIC**") Motion In Limine #7 (Doc. 134), in which NAIC seeks to bar evidence concerning NAIC's response to Aithent's Interrogatory #9. NAIC contends that its response to Interrogatory #9 – in which NAIC identified the amount of unshared revenue that it and NIPR earned from the eight transactions (collectively, the "**Transactions**") that are identified in the License Agreement between 2006 and 2011 – is irrelevant, confusing and more prejudicial than probative as proof of Aithent's damages.[1] NAIC offers two arguments in support of its position, both of which fail.

**A. NAIC's Argument Concerning the Five Year Limitation Fails**

NAIC argues that evidence concerning the figure that it identifies in its response to Interrogatory #9 should be excluded because that figure represents the gross amount of unshared revenue that NAIC/NIPR earned from the Transactions between 2006 and 2011 and does not

---

[1] Defined terms used in this submission which are not defined in this submission have the same meaning as in Aithent's Suggestions in Support of its Motion for Summary Judgment on Counts 1-IV (Doc. 93).

take into account the five-year limitation on royalty payments that is set forth in the License Agreement. By way of background, and as discussed in Aithent's prior submissions (specifically, its Summary Judgment Reply Brief on Counts I-IV (Doc. 126) and its In Limine Motion concerning the five-year limitation (Doc. 143)), the five year limitation (which is set forth in Section 6(a)(iii)) of the License Agreement) provides that Aithent is entitled to royalties on a given Transaction in a given state for a five year period from the time that NAIC or NIPR began processing that particular Transaction in that particular State.

NAIC's argument that the five year limitation renders the Interrogatory #9 figure irrelevant is incorrect for reasons previously discussed in Aithent's prior submissions on this topic. In sum, the well established rule in New York is that where the existence of any damages is reasonably certain, a plaintiff need only provide a "stable foundation" from which to "estimate" the extent of its injury. *Boyce v. Soundview Tech. Group, Inc.*, 464 F.3d 376, 391-92 (2d Cir. 2006). A corollary to this rule is that where a "party frustrates proof of damages, either by withholding facts or through inaccurate record-keeping, any doubts about the actual assessment of damages will be resolved against that party, and the fact-finder may calculate damages at the highest reasonably ascertainable value." *Chesa Int'l, Ltd. v. Fashion Assocs., Inc.*, 425 F. Supp. 234, 238 (S.D.N.Y. 1977), *aff'd*, 573 F.2d 1288 (2d Cir. 1977). In such circumstances, the plaintiff is entitled to prove the extent of its damages using whatever information the defendant has provided – including a gross revenue figure which includes amounts that otherwise would not be subject to a damages award. *See Project Strategies Corp. v. Nat'l Commc'ns Corp.*, 948 F. Supp. 218, 222 (E.D.N.Y. 1996) (relying on gross revenue as evidence of profits where defendants failed to produce during discovery any evidence of deductions they were entitled to, thus making it impossible for plaintiff to calculate its damages

with precision), *aff'd*, 168 F.3d 1320 (Fed. Cir. 1998); *Cartier v. Samo's Sons, Inc.*, No. 04Civ.2268(RMB)(DFE), 2007 WL 1040245, at *2-3 (S.D.N.Y. April 4, 2007) (because defendant claimed "no documents exist" which would show what portion of total sales was subject to damage award, the plaintiff would be entitled to damages based on total sales), *aff'd*, 294 F. App'x 615 (2d Cir. 2008); *Chesa*, 425 F. Supp. at 238 (where defendant could not prove what portion of sales did not infringe, "the Special Master was correct in computing defendants' profits on the basis of [all] sales which *possibly* infringed plaintiff's mark") (emphasis added); *Louis Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966, 972 (2d Cir. 1985) (where defendants "refused to produce any records [of which disputed transactions were and were not subject to the lawsuit]... defendants must bear the burden of uncertainty" of the resulting damages award); *Levin Bros. v. Davis Mfg. Co.*, 72 F.2d 163, 164 (8th Cir. 1934) (plaintiff was entitled to damages based on the entire profits earned by the wrongdoer where the wrongdoer kept records in a manner so confusing that separating out the proper basis for plaintiff's damages was impossible); *Producers' & Refiners' Corp. v. Lehmann*, 18 F.2d 492, 498 (8th Cir. 1927) (when it is impossible to precisely calculate damages because neither the wrongdoer nor anyone else kept a separate account of the items on which damages should be based, but rather the wrongdoer commingled those items with others and only tracked the total, then the plaintiff is "entitled to recover all the profits realized by [the defendant] upon the commingled" products).

These standards demonstrate the error of NAIC's argument. During discovery, Aithent requested not only the gross unshared revenue figure for the Transactions between 2006 and 2011 (*i.e*, the information requested in Interrogatory #9), but also information that would allow Aithent to calculate with precision the extent to which that gross figure would be reduced by the five year limitation. Neither NAIC nor NIPR provided information that would allow Aithent to

make the five year calculation, NAIC and NIPR have both confirmed that such information does not exist, and NAIC's corporate representative testified at deposition that it would be "impossible" for NAIC to make such a calculation. (Plaintiff's Statement of Additional Material Facts in Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment on Counts I, II, and V (Doc. 113) ("**Pl. SAMF**") ¶ 27.)

The authorities cited *supra*, demonstrate that NAIC cannot take advantage of its own failure to retain records to avoid paying for damages that it has caused. Rather, New York law entitles Aithent to rely on the gross revenue figure that NAIC provided to estimate its lost royalties for the Transactions, which Aithent intends to do by seeking damages equal to fifty percent (Aithent's royalty percentage under the License Agreement) of five-sixths of the total gross revenue figure that NAIC provided during discovery. That amount is a reasonable estimate of Aithent's damages taking the five year limitation into account because the gross revenue figure represents six years of revenue on the disputed Transactions, meaning five-sixths of that figure approximates what NAIC/NIPR earned in a five year period. This approach satisfies Aithent's burden, which is simply to provide a stable foundation on which to estimate its damages and because any doubts in Aithent's damages estimate must be resolved against NAIC. *Chesa*, 425 F. Supp. at 238, *aff'd*, 573 F.2d 1288 (2d Cir. 1977).

## B. NAIC's Argument Concerning the Limitation of Liability Clause Also Fails

NAIC also argues that evidence concerning the Interrogatory #9 figure should be excluded as evidence of damages because that figure does not take into account the limitation of liability clause contained in the License Agreement. This argument fails for the reasons set forth in Aithent's Suggestions in Opposition to Defendant's Motion in the Alternative for Partial Summary Judgment (Doc. 112). First, New York law forbids the enforcement of such

exculpatory clauses for bad faith acts such as those at issue in the lawsuit. For this reason alone, NAIC's argument fails.

Second, the construction that NAIC proposes of the limitation of liability clause is insupportable because it reads the words "under any claim" and "such claim" out of the contract language. As this Court previously ruled in connection with the Motion to Dismiss that NAIC filed to dismiss Aithent's Complaint, a new and distinct claim for royalty payments accrues each month that a deficient payment is made, meaning the limitation of liability provision at issue here, by its plain terms, applies separately to each of Aithent's monthly claims for deficient royalties. As a result, when the contract words "under any claim" and "such claim" are considered in construing the clause, as they must be, it becomes apparent that the clause, at the very most, could only serve to limit the amount Aithent can recover for each month that NAIC failed to pay Aithent the royalties it was due in a given state. Because NAIC does not claim, and could not show, that Aithent's damages would be limited by the limitation clause as it is properly construed, the limitation clause has no bearing at all on the Interrogatory #9 figure, much less renders it irrelevant. For this reason as well NAIC's argument fails.

NAIC's proposal of a broader construction for the limitation clause, moreover, does not change this conclusion, as NAIC's construction is contrary to New York's narrow reading of such provisions. New York courts have made clear that where a limitation of liability clause is susceptible to more than one reasonable interpretation, its construction is not a question of fact for the jury, but rather, it is always the narrower of two reasonable constructions—*i.e.*, the one "in favor of the party seeking damages"—which must be adopted as a matter of law. *Mostow v. State Farm Ins. Cos.*, 645 N.Y.S.2d 421, 421-22 (1996) (limitation of liability clause must be construed narrowly and in favor of the party seeking damages); *Zoller v. Niagara Mohawk*

*Power Corp.*, 525 N.Y.S.2d 364, 367 (3d Dep't 1988) (New York law requires "that exculpatory clauses should be strictly construed against the person seeking exemption from liability"); *see also PRO Net, LLC v. ACC TeleCom Corp.*, 741 N.Y.S.2d 795, 796 (2002) (internal quotation marks omitted) (refusing to enforce ambiguous limitation of liability clause at all). As a result, even if the Court were to find NAIC's proposed construction plausible (it is not), it is nonetheless Aithent's narrower construction which must be adopted.

### Conclusion

For all of the foregoing reasons, NAIC's Motion in Limine # 7 should be denied.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, Suite 300
Post Office Box 171300
Kansas City, Kansas 66117-1300
Telephone:   (913) 371-3838
Facsimile:   (913) 371-4722
E-mail:ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
    GREGORY P. GOHEEN   #58119

and

Peter J. Gallagher
Steven D. Johnson
Shannon J. Fields
JOHNSON GALLAGHER MAGLIERY, LLC
99 Wall Street, 15th Floor
New York, New York 10005
Telephone: (212) 248-2220
Facsimile: (212) 248-0170
E-mail: pgallagher@kjglaw.com
        sjohnson@kjglaw.com
        sfields@kjglaw.com

Attorneys for Plaintiff Aithent, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system and/or mailed, postage pre-paid, on this 10th day of May, 2013 to:

Jeffrey J. Simon
Michael S. Hargens
Husch Blackwell, LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Attorneys for Defendant

/s/ Gregory P. Goheen