UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

AITHENT, INC.,

    Plaintiff,

-against-

THE NATIONAL ASSOCIATION OF INSURANCE COMMISSIONERS,

    Defendant.

Case No. 4:11-CV-00173-GAF

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #8**

In seeking to avoid the imposition of prejudgment interest, defendant National Association of Insurance Commissioners ("**NAIC**") makes four different arguments in its eighth motion *in limine* (Doc. 135). NAIC argues that: (1) the License Agreement's limitation of liability precludes prejudgment interest entirely, (2) prejudgment interest is only available under Missouri law if damages are liquidated, (3) Aithent cannot receive prejudgment interest because it failed to "disclose" that such interest would be sought, and (4) a prejudgment interest calculation would be "speculative" and unreliable. None of these arguments has any merit.

    **A.**    **Limitation of Liability Clause Does Not Preclude Prejudgment Interest Under New York Law**

NAIC first argues that the fact that the License Agreement contains a limitation of

iability[1] entirely precludes any award of prejudgment interest. However, NAIC bases this argument on a single case that is completely irrelevant because it involved a liquidated damages clause – not a limitation of liability provision – and contained contract language that is not present here. The case on which NAIC relies – *J. D'Addario & Co. v. Embassy Indus., Inc.* – involved a real estate contract in which the parties agreed that the seller, in the event of breach by the purchaser, would be limited to receiving the down payment that the purchaser paid when the contract was signed, plus the interest that accumulated on the down payment while it was being held in escrow pending completion of the sale. After affirming that it is the rule in New York that 9% pre judgment interest "shall" be paid on any breach of contract claim, the Court ruled that an exception was warranted, because in that case, the parties had specifically agreed that the return of the down payment plus the escrow interest would be the seller's "sole remedy," agreed that the purchaser's "sole obligation" was the payment of the down payment plus escrow interest, and agreed that the purchaser would have "no further rights" against the purchaser once the down payment was paid as liquidated damages. 20 N.Y.3d 113, 118-19, 980 N.E.2d 940, 942-43, 957 N.Y.S.2d 275, 277-278 (2012). The Court of Appeals emphasized that the parties' "use of the terms 'sole remedy,' 'sole obligation,' and 'no further rights'…together with the provision for interest on the escrowed sum[] was sufficiently clear to establish" that the parties had contractually chosen to forego the statutory prejudgment interest and had instead "decided that the amount escrowed should be the exclusive remedy to the wronged party." *Id.*

There is no language in the License Agreement like the language that was at issue in *J.*

---

[1] As explained more fully in Aithent's Suggestions in Opposition to Defendant's Motion in the Alternative for Partial Summary Judgment on Damages, the limitation of liability clause in the License Agreement is not enforceable due to NAIC's bad faith conduct and is not enforceable to the extent the court finds it to be ambiguous. (Doc. 112, pp. 8-12.) Even if the limitation of liability clause was enforceable, NAIC misconstrues its meaning, as the clause should be properly interpreted to limit Aithent's aggregate recovery for each of its monthly claims to the amount that it received during the six month period preceding the breach, plus the amount it was owed during that period for each state. (*See* Doc. 112, pp. 12-16.)

*D'Addario & Co.* The License Agreement does not have any liquidated damages clause, much less a liquidated damages clause that requires the damages to be placed in an interest bearing account or one which specifies that the payment of the liquidated damages is the injured party's "sole remedy" and breaching party's "sole obligation." In sum, *J. D'Addario & Co.* is inapposite and provides no basis to deviate from the New York rule mandating that prejudgment interest be paid on all breach of contract claims. *J. D'Addario & Co. v. Embassy Indus., Inc.*, 20 N.Y.3d 113, 117, 980 N.E.2d 940, 942, 957 N.Y.S.2d 275, 277 (2012) ("The plain language of CPLR 5001(a) 'mandates the award of interest to verdict in breach of contract actions.'" (*citing Spodek v. Park Prop. Dev. Assoc.*, 96 N.Y.2d 577, 581, 733 N.Y.S.2d 674, 759 N.E.2d 760 (2001)).

### B. NAIC's Arguments That Aithent's Damages are "Not Liquidated" and Thus Do Not Qualify for Prejudgment Interest are Without Basis under Applicable New York Law

NAIC cites Missouri law to argue that Aithent is not entitled to prejudgment interest because its damages are "not liquidated." Whether Aithent would be entitled to prejudgment interest under Missouri law is irrelevant because New York law governs the prejudgment interest question. Federal courts apply the forum state's choice of law on substantive matters, including prejudgment interest, and Missouri courts enforce contractual choice-of-law provisions with respect to prejudgment interest. *See, e.g., PVI, Inc. v. Ratiopharm GmbH*, 253 F.3d 320, 329-330 (8th Cir. 2001) (where a contract designated its governance by Delaware law, the Circuit Court instructed the District Court for the Western District of Missouri to apply Delaware law to the award of prejudgment interest, noting that "Missouri courts generally enforce contractual choice-of-law provisions."); *Rheem Mfg. Co. v. Progressive Wholesale Supply Co.*, 28 S.W.3d 333, 344 (Mo. Ct. App. 2000) (applying New York law on prejudgment interest where the contract had a New York choice of law provision); *Intl. Minerals & Chem. Corp. v. Avon*

*Products, Inc.*, 889 S.W.2d 111, 121 (Mo. Ct. App. 1994) (same).

Moreover, "under New York law, there is no requirement that a monetary damages claim be readily ascertainable or liquidated in order to award prejudgment interest." *Stanford Square, L.L.C. v. Nomura Asset Capital Corp.*, 232 F. Supp. 2d 289, 293 (S.D.N.Y. 2002) (also noting that "[p]rejudgment interest is awarded under New York law as a matter of right for contract damages"). Thus, NAIC's argument that prejudgment interest is not payable on Aithent's claim because the claim is not for liquidated damages fails.

### C. New York Law Does Not Require Prejudgment Interest to be Pleaded

As its third point, NAIC argues, without citing any law, that Aithent should be foreclosed from an award of prejudgment interest, because Aithent didn't "disclose" that it was seeking prejudgment interest. This argument is contrary to applicable New York law, which leaves no doubt that prejudgment interest is automatic, mandated, and need not be demanded in the pleadings. *Dobbs v. Vornado, Inc.*, 576 F.Supp. 1072, 1081 (E.D.N.Y. 1983) ("The language of the statute leaves no room for interpretation. Interest *shall* be recovered upon a sum awarded because of a breach of contract."); *Mount Sinai Hosp. v. Borg-Warner Corp.*, 527 F. Supp. 922, 923-24 (S.D.N.Y. 1981) ("The defendant opposes the inclusion of any interest on the judgment on the ground that the complaint did not request interest, … [but New York's] Court of Appeals has repeatedly held that since section 5001 is phrased in mandatory terms, it does not permit the trial court to exercise any discretion with regard to prejudgment interest. Since it is a matter of right, the plaintiffs' failure to demand interest in the complaint or to request during the trial that the jury be instructed to fix interest, did not constitute a waiver of their right to interest."); *Greenfield v. Tripp*, 10 A.D.2d 638, 196 N.Y.S.2d 902, 903 (2d Dep't 1960) ("Interest was properly added to the verdict, even though the complaint contained no specific demand for

interest." (internal citation omitted)).

NAIC's further argument that "Aithent has never put forward the amount [of prejudgment interest] it may seek at trial" fails, as Aithent is not required to state the dollar amount of prejudgment interest prior to an award and obviously could not do so until the amount of an award is determined. *See id.* Prejudgment interest is a matter of simple math and is calculated as interest upon the amount of damages the jury awards at trial.

### D. Aithent's Prejudgment Interest is Not "Speculative"

NAIC's final argument is that Aithent's damages are too unreliable and inflated to support a reliable and non-speculative award of prejudgment interest. However, prejudgment interest is not calculated until after the jury determines Aithent's damages. Under New York law, prejudgment interest is calculated mathematically at the statutory annual rate of 9%, based on the quantity of damages the jury determines to have been caused by the defendant's breach, from the "earliest ascertainable" date of damage[2] to the date of judgment. N.Y. CPLR §§ 5001, 5002, 5004. There is nothing speculative about this mathematical calculation of prejudgment interest, much less anything unfairly prejudicial to NAIC. Moreover, the jury does not have

---

[2] NAIC argues that because it has frustrated proof of the exact dates of damage when royalties were due for each transaction in each state, prejudgment interest should be calculated from the date the Complaint was filed. (Doc. 135, p. 2 at n.2.) However, N.Y. CPLR § 5001(b) provides: "Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." First of all, it will be simple for the jury or court to determine a single reasonable intermediate date from which to calculate Aithent's prejudgment interest. Secondly, New York's wrongdoer rule operates to ensure that a breaching party is not allowed to deprive the injured party of its fair recovery by failing to keep or produce records adequate to allow a precise damages calculation. (*See* Doc. 113, pp. 50-52.) Under this rule, Aithent is only required to provide a stable foundation from which to estimate the extent of its damages. To the extent NAIC has frustrated a more precise proof of damages and cannot contest the damage figure with specificity, any uncertainty as to the actual amount of damages must be resolved in favor of Aithent. *Id.* With respect to prejudgment interest, under the wrongdoer rule any uncertainty as to the precise dates damage accrued must be resolved in a way that ensures Aithent is not undercompensated. Thus, in accordance with NY CPLR § 5001(b), prejudgment interest should be calculated "from a single reasonable intermediate date," rather than from the date the Complaint was filed. *See Wechsler v. Hunt Health Sys., Ltd.*, 330 F. Supp. 2d 383, 436 (S.D.N.Y. 2004) (computing prejudgment interest from a single reasonable intermediate date where plaintiff's damages began to accrue on several different dates).

discretion over the award of prejudgment interest, as NAIC suggests, since the award of prejudgment interest is automatic and mandated under New York law. *See, e.g., Dobbs v. Vornado, Inc.*, 576 F.Supp. 1072, 1081 (E.D.N.Y. 1983). As such, it is not possible for NAIC to be prejudiced by any testimony or evidence relating to New York's mandate of prejudgment interest on a damage award.

### Conclusion

For all of the foregoing reasons, NAIC's motion *in limine* should be denied.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, Suite 300
Post Office Box 171300
Kansas City, Kansas 66117-1300
Telephone: (913) 371-3838
Facsimile: (913) 371-4722
E-mail: ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
    GREGORY P. GOHEEN    #58119

and

Peter J. Gallagher
Steven D. Johnson
Shannon J. Fields
JOHNSON GALLAGHER MAGLIERY, LLC
99 Wall Street, 15th Floor
New York, New York 10005
Telephone: (212) 248-2220
Facsimile: (212) 248-0170
E-mail: pgallagher@kjglaw.com
        sjohnson@kjglaw.com
        sfields@kjglaw.com

Attorneys for Plaintiff Aithent, Inc.

{K0390839.DOCX; 1}     6

Case 4:11-cv-00173-GAF   Document 167   Filed 05/10/13   Page 6 of 7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system and/or mailed, postage pre-paid, on this 10th day of May, 2013 to:

Jeffrey J. Simon
Michael S. Hargens
Husch Blackwell, LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Attorneys for Defendant

/s/ Gregory P. Goheen