UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

AITHENT, INC.,

    Plaintiff,

-against-

THE NATIONAL ASSOCIATION OF INSURANCE COMMISSIONERS,

    Defendant.

Case No. 4:11-CV-00173-GAF

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #9**

Plaintiff Aithent, Inc. ("**Aithent**") respectfully submits this memorandum in opposition to defendant National Association of Insurance Commissioners' ("**NAIC**") Motion In Limine #9 (Doc. 136), which seeks to exclude any evidence of Aithent's alleged damages relating to its claim that NAIC owes royalties for rate and form transactions it processed on a system called SERFF. Both of the arguments that NAIC advances in support of this motion fail.

First, NAIC argues that Aithent should be precluded from introducing evidence of the amount of its SERFF damages because Aithent did not disclose, during the course of discovery, the precise amount of the damages that it seeks for the SERFF portions of its claim. There is no basis for preclusion. Aithent disclosed during discovery that it was seeking damages on its SERFF claims and disclosed that the amount of its damages would be based upon the revenue that NAIC earned from processing SERFF transactions. (Second Supplement to Aithent's Initial Disclosures, attached hereto as Exhibit A, §§ 1(k), B(10), C(a), C(d), Appendix 1.) As Aithent stated in its disclosures, the information that would establish the amount of revenue that NAIC

earned from SERFF transactions (and others at issue in the case) was under NAIC's control and had not yet been provided to Aithent. (Ex. A, § C(d).)

Ultimately, based on documents that NAIC produced and testimony its witnesses offered, Aithent was able to calculate with precision the amount of damages it would be entitled to if it prevailed on the SERFF portion of its claim. Aithent disclosed that figure – $10.4 million – in its summary judgment submission. (Doc. 115, p. 53.) The information that Aithent needed in order to calculate the amount of its damages was under the exclusive control of NAIC and only obtained by Aithent as a result of the discovery process. Furthermore, NAIC would not suffer any prejudice if Aithent were allowed to introduce documents from NAIC's own files or testimony from NAIC's own witnesses concerning a damages claim that NAIC has long been aware of, the specific amount of which was disclosed to NAIC long before trial. Conversely, it would be Aithent that would be prejudiced if evidence that is vitally important to the SERFF aspect of its case were precluded. *White v. Honeywell, Inc.*, 141 F.3d 1270, 1274 (8th Cir. 1998) (reversing the trial court's exclusion of highly probative evidence that was not unfairly prejudicial, since "the trial court's exercise of discretion in excluding evidence must not unfairly prevent a party from proving his or her case" (internal citation and quotation omitted)).

NAIC also contends that Aithent's evidence of SERFF damages should be precluded because (1) it does not take the five year contractual limitation into account (which clause is discussed in more detail in Aithent's Opposition to Motion In Limine #7), (2) it does not take the limitation of liability clause into account (also discussed in more detail in Aithent's Opposition to NAIC's Motion In Limine #7), and (3) the time period in which Aithent contends royalties are payable is allegedly arbitrary. These arguments fail as well.

By way of background, Aithent claims that the parties agreed that rate and form transactions – which NAIC was doing on a very small scale using SERFF when the License Agreement was signed – would not be included in version one of SBS, but it was their understanding that rate and form transactions/SERFF would be added to SBS at some point in the future. (Doc. 126, Aithent's Reply to NAIC's Counter Statement of Facts, ¶ 56.) It is Aithent's assertion that NAIC's obligation to add rate and form to SBS was triggered when NAIC undertook a major effort to re-engineer its rate and form capability using SERFF in 2005. (Doc. 115, p. 53.) Thus, Aithent seeks damages based on one half of the revenue (the percentage fixed in the License Agreement for transactions that are subject to it) that NAIC earned for a five year period, starting from when the re-engineered version of SERFF came to market in October 2006. *Id.* Information NAIC provided during discovery show that NAIC earned approximately $20.8 million from rate and form transactions using SERFF during this period, meaning that Aithent would be entitled to $10.4 million. *Id.*

NAIC's claim that Aithent's computation does not take the five year rule into account is incorrect. Because all of the States were doing rate and form transactions as of the date when Aithent claims those transactions should have been added to SBS, the five year limitation can be determined simply by limiting Aithent to royalties for a five year period starting from when the re-engineered version of SERFF came to market. Likewise, NAIC's argument that Aithent's SERFF damages evidence should be precluded because of the limitation liability clause fails for the reasons set forth in Aithent's Opposition to NAIC's Motion In Limine #7.

Lastly, NAIC's argument that the time period for which Aithent calculated its damages is arbitrary also fails. Having represented to Aithent that rate and form transactions would be added to SBS at some point after SBS v. 1 came to market, NAIC was obligated to do so within a

reasonable period of time. *Savasta v. 470 Newport Associates*, 82 N.Y.2d 763, 765, 603 N.Y.S.2d 821, 822 (1993) ("When a contract does not specify time of performance, the law implies a reasonable time."). Aithent has a rational basis to argue that it was not reasonable for NAIC to continue excluding rate and form functionality from SBS when, four years into the contract term, it decided to invest very substantial amounts of time and money in the re-engineering of its rate and form technology. While NAIC is free to contest that this is a reasonable period, or to offer some alternative period of its own, Aithent should not be precluded from pursuing its claim that royalties became payable when NAIC introduced the re-engineered rate and form functionality to market.

## Conclusion

For all of the foregoing reasons, NAIC's Motion in Limine # 9 should be denied.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 East Cambridge Circle Drive-Suite 300
P.O. Box 171300
Kansas City, Kansas 66117
Telephone: (913) 371-3838
Facsimile: (913) 371-4722
Email: ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
　　　　Gregory P. Goheen　#58119

and

Peter J. Gallagher
Steven D. Johnson
Shannon J. Fields
JOHNSON GALLAGHER MAGLIERY LLC
99 Wall Street, 15th Floor
New York, New York 10005
Telephone: (212) 248-2220
Facsimile: (212) 248-0170
Email: pgallagher@kjglaw.com
       sjohnson@kuglaw.com
       sfields@kjglaw.com

*Attorneys for Plaintiff Aithent, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system and/or mailed, postage prepaid on this 10th day of May, 2013 to:

Jeffrey J. Simon
Michael S. Hargens
Husch Blackwell,LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112

Attorneys for Defendant

                                    /s/ Gregory P. Goheen

{K0390832.DOCX; 1}　　　　5
Case 4:11-cv-00173-GAF   Document 168   Filed 05/10/13   Page 5 of 5