# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION

| | |
|---|---|
| AITHENT, INC.,<br><br>Plaintiff,<br><br>- against -<br><br>THE NATIONAL ASSOCIATION OF<br>INSURANCE COMMISSIONERS,<br><br>Defendant. | Index No. 4:11-CV-00173-GAF<br><br>**SECOND SUPPLEMENT TO<br>INITIAL DISCLOSURES**<br><br>ECF Case |

Plaintiff Aithent, Inc., by and through its attorneys, McAnany Van Cleave & Phillips, P.A. and Johnson Gallagher Magliery LLC, hereby makes the following supplement to its initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. This supplement is based on the information reasonably available to Aithent at this time and is made without waiving any objections as to relevance, materiality or admissibility of evidence in the above-captioned action (the "Action") or in any other action or proceeding. Aithent reserves its right at any time to revise, correct, further supplement or clarify the disclosures set forth herein, consistent with Rule 26(e) of the Federal Rules.

### Definitions and Instructions

1. The following definitions shall apply to this document:

    a. "Aithent" means plaintiff Aithent Inc. with offices located at 75 Maiden Lane, New York, New York 10005.

    b. "Defendant" or "NAIC" means The National Association of Insurance Commissioners with offices located at 301 McGee Street, Kansas City, Missouri.

c. "NIPR" means the National Insurance Producer Registry with offices located at 301 McGee Street, Kansas City, Missouri.

d. The "Agreement" means the License Agreement entered into between Aithent and the NAIC on or about July 15, 2002.

e. "LEO" means the Licensing Environment Online referred to in Paragraph 1(c) of the Agreement.

f. **"SBS Branded System"** is the LEO-based software system that the NAIC and Aithent developed pursuant to the Agreement.

g. "Gateway" means the web-based system referred to by the same name on NIPR's website, at www.nipr.com, and referred to as the "NIPR Front-End Portal" in NAIC's Counterclaims.

h. "SERFF" means the NAIC proprietary system for rate and form filings referred to by the same name on the NAIC website.

i. "SBS" means any web-based system, proprietary to the NAIC, providing software, tools, databases, and information to facilitate state insurance departments in their market conduct, licensing and solvency functions.

j. "Transactions" means electronic transactions of the following types:

   a. Non-Resident Licensing
   b. Non-Resident Licensing Renewals
   c. Appointment Renewals
   d. Resident Licensing
   e. Resident Licensing Renewals
   f. Continuing Education Transactions

  g. Appointments/terminations in states not listed on Exhibit D of the Agreement.

  k. **"Additional Disputed Transactions"** means the transactions listed in Appendix 1 to this document.

  l. The **"Master Services Agreement"** means the Master Services Agreement entered into between NAIC and Aithent on or about July 15, 2002.

  m. **"SBS States"** means states that have agreed with the NAIC or NIPR to use the SBS Branded System.

  n. **"Non-SBS States"** are states that have not agreed with NAIC or NIPR to use the SBS Branded System.

### Supplement to Initial Disclosures

A.  Fed.R.Civ.P. 26(a)(1)(A)(i).

No update is available.

B.  Fed.R.Civ.P. 26(a)(1)(A)(ii).

Aithent adds the following categories of documents to its disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii):

7) NAIC internal correspondence and documents regarding the development, expansion and/or marketing of the SBS-Branded system and SERFF.

8) NAIC and NIPR correspondence and documents regarding the development of the PIN network, PDB, the NIPR Front End Portal and/or the NIPR's Gateway.

9) Agreements relating to the use of Gateway, the NIPR Front End Portal, PIN, PDB, SERFF, and/or the SBS Branded System.

3

10) Documents reflecting revenue earned through any of the systems listed in response #3 above.

C. Fed.R.Civ.P. 26(a)(1)(A)(iii).

Aithent supplements its response to Fed. R. Civ. P. 26(a)(1)(A)(iii):

> a. **Count 1 (Breach of the Agreement).** Aithent seeks royalties calculated under § 6 of the License Agreement ("Royalties") based on revenue earned by the NAIC and/or NIPR during the relevant time period for processing any of the Transactions or Additional Disputed Transactions, in whole or in part, provided that (i) such royalties were not already paid to Aithent, and (ii) the Transactions or Additional Disputed Transactions from which the revenue was earned were processed in whole or in part through the SBS Branded System, the NIPR Front End Portal, Gateway, PIN, and/or PDB. The documents supporting this damages calculation will include the NAIC's response to Aithent's first set of interrogatories, in which the NAIC represented that NIPR earned $30,295,543 from processing Transactions in Non-SBS States between 2006 and 2011 without sharing royalties from those Transactions with Aithent. We have requested but have not yet received documents sufficient to show what additional revenue the NIPR earned on Transactions in Non-SBS States during 2005, and during the portion of 2012 in which the Agreement was still in force, as well as documents sufficient to show the revenue the NAIC has earned during the relevant time period from Transactions in states which only use the SBS Branded System to perform continuing education or other limited types of transactions.
>
> Aithent has likewise requested but not yet received documents (i) sufficient to show the total revenue earned by the NAIC and NIPR on Additional Disputed Transactions between 2005 and July 2012, and (ii) sufficient to show what part of that revenue was earned from each Subject Transaction, in each state, for each month during that time period.
>
> **Count 2 (Breach of the Duty of Good Faith and Fair Dealing/Breach of the Explicit Contractual Duty to Market the SBS Branded System).** Aithent seeks Royalties based on the amounts earned by the NAIC and/or NIPR during the relevant time period for processing any Transactions or Additional Disputed

4

Transactions, in whole or in part, through any system other than "SBS" (regardless of how the court ultimately interprets that term in the course of this lawsuit). Aithent is not yet able to calculate these damages because it has requested but has not yet received documents sufficient to show the amounts earned by the NAIC and NIPR from processing Additional Disputed Transactions outside of the SBS system. To calculate these damages with precision, Aithent has requested documents sufficient to show (i) the total revenue earned by the NAIC and NIPR on Additional Disputed Transactions processed outside the SBS system between 2005 and July 2012, and (ii) what part of that revenue was earned from each Additional Disputed Transaction, in each state, for each month during that time period.

b. **Count 3 (Breach of the Agreement).** Aithent seeks the difference between (a) what Aithent would have earned had the NAIC and/or NIPR not lowered Transaction fees by more than 15% in any calendar year, in breach of the License Agreement, and (b) the amount that Aithent actually earned due to the breach. Aithent has not yet calculated the amount of such damages because it has not yet received from the NAIC and/or NIPR documents sufficient to determine the percentage by which NAIC and/or NIPR lowered transaction fees during each year of the relevant time period.

c. **Count 4 (Hiring an Aithent Employee in Breach of the License Agreement):** Aithent seeks damages for this breach to the extent that the NAIC or NIPR used their improper hiring of Sanjay Saini to take advantage of his expertise regarding LEO (including but not limited to having Mr. Saini work on enhancements to LEO that Aithent would have otherwise been hired to perform). These damages may be measured by the value of any trade secrets improperly exposed to the NAIC and/or NIPR, the cost to Aithent to train Mr. Saini with regard to LEO, and/or a reasonable royalty for the use of any trade secrets Mr. Saini may have improperly shared with the NAIC or NIPR.

d. **Count 5 (Unfair Competition/Business Practices):** Aithent seeks the amount it would have earned under the License Agreement if the NAIC had used reasonable efforts to market the entire SBS Branded System, including the SBS front end portal, as required under the License Agreement, and if the NAIC had not unfairly developed and promoted the NIPR Front End Portal/Gateway system to the disadvantage of the SBS Branded System. Aithent will calculate its

5

Case 4:11-cv-00173-GAF   Document 168-1   Filed 05/10/13   Page 6 of 9

damages on this claim as the amount of Royalties it would have earned on each Transaction or Additional Disputed Transaction, processed through Gateway/the NIPR Front End Portal or SERFF, had that Transaction or Additional Disputed Transaction been processed instead through the SBS Branded System. Aithent has not yet performed this calculation because the documents showing what NAIC and/or NIPR have earned on the types of transactions discussed in this answer are exclusively in the possession of NAIC and/or NIPR.

e. **Additional breach of contract.** Aithent seeks damages for the NAIC's breach of Aithent's right of first refusal to perform services under the Master Services Agreement by hiring third parties to perform development and/or maintenance work on the SBS Branded System, Gateway, SERFF and/or the NIPR Front End Portal.

f. **D. Fed.R.Civ.P. 26(a)(1)(A)(iv).**

No update is available.

Dated: New York, New York
October 15, 2012

JOHNSON GALLAGHER MAGLIERY LLC

By: _____
Steven Johnson
Peter J. Gallagher
Shannon J. Fields
99 Wall Street 15th Floor
New York, NY 10005
(212) 248-2220
*Attorneys for Plaintiff Aithent, Inc.*

6

# Appendix 1

Non-Resident Adjuster Licensing

Attachments Warehouse

Address Change Request

Company Appointment Reports (CAR)

Company Appointment Reconciliation Reports (CARR)

Company Specialized Report (CSR)

National Producer Number Report

SERFF Product Filings (IIPRC), including rate and form

Annual Registration Fee (IIPRC)

Public Access for Health Filings

Public Access through State Terminal

Misc. State Filings

Utilization Review

Annual Reports

Premium Tax Filings

Surplus Lines Tax Filings

Annual Reports

Consumer Information Source

Complaint Submission

Online Fraud Reporting System (OFRS)

Fraud Reporting; Authorization to File (ATF)

Automated Valuation Services (AVS)

Structured Securities

7

Case 4:11-cv-00173-GAF   Document 168-1   Filed 05/10/13   Page 8 of 9

Submission of Market Conduct Annual Statement (MCAS)

Course Registrations; Retrieval of data

Application filing

State Assessments

International Insurance Department Assessments

SVO Assessment

Investment Analysis Report.