UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

AITHENT, INC.,

                        Plaintiff,

-against-

THE NATIONAL ASSOCIATION OF INSURANCE
COMMISSIONERS,

                        Defendant.

Case No. 4:11-CV-00173-GAF

## PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #12

### NAIC's Motion has No Merit.

NAIC argues that evidence concerning its status as a non-profit organization is irrelevant because whether NAIC is a non-profit is "not a disputed issue in the case." Def. MIL, p. 1.[1] In particular, NAIC objects to certain lines of questioning Aithent pursued during depositions to show that NAIC and NIPR—despite being non-profit entities—pursue extensive commercial activities and generate massive profits. *Id.* This evidence tends to show that, despite its non-profit status, NAIC is motivated to earn profits—a fact which bears on the disputed question, under Counts II and V, of whether NAIC eliminated the SBS front end from the market for the improper purpose of avoiding revenue-sharing under the License Agreement. If NAIC is driven by a desire to earn profits, in other words, it is more likely than it would be otherwise[2] that NAIC

---

[1] "Defendant's Motion in Limine #12: Purpose or Effect of NAIC's Actions Relating to its Status as a Non-Profit Organization" (Doc. 139) is cited herein as "**Def. MIL.**"

[2] *United States v. Mora*, 81 F.3d 781, 783 (8th Cir. 1996) ("Relevance of evidence is established by any showing, however slight, that the evidence makes [a fact of consequence] more or less likely …" (internal citation and quotation omitted)).

{K0390829.DOCX; 1}            1

suppressed SBS commercially (in favor of the competing product that it developed with its affiliate) for the improper purpose of avoiding its royalty obligations.

While it may be widely understood that for-profit corporations are engaged in the active pursuit of profits—perhaps limiting the probative value of evidence showing their motivation to do so—that is not necessarily understood in a case like this one, against a non-profit. For example, a juror learning of NAIC's corporate status might believe that the generation of profits is not a goal of a "non-profit" organization, or that a non-profit organization does not customarily earn or keep profits for itself. Such a juror might, as a result, conclude that NAIC was not motivated to avoid revenue-sharing with Aithent, and that its failure to properly exploit the exclusive license must have been driven by some other, non-commercial motive. For this reason, evidence showing that NAIC *does* engage in the pursuit of profits despite its non-profit status is relevant to Counts II and V.

NAIC suggests that it would be prejudicial to allow Aithent to introduce any evidence at all on this topic, but NAIC has not explained how the evidence in dispute is likely to prompt a jury to render a verdict on an improper basis. *See Smith v. Hunt*, 707 F.3d 803, 810 (7th Cir. 2013) (evidence is unfairly prejudicial and should be excluded under Rule 403 if "its admission makes it likely that the jury will be induced to decide the case on an improper basis"), *quoting Thompson v. City of Chicago*, 472 F.3d 444, 456–57 (7th Cir.2006). Any conceivable prejudice NAIC could suffer, moreover, is not outweighed by the probative value of the evidence as discussed above. This is particularly true because, if NAIC wishes to show that profit-earning is not an important activity to it, or, more broadly, that it did not act with the improper purpose of avoiding its revenue-sharing obligations under the License Agreement, it may introduce its own

evidence on those topics for the jury to weigh.

## Conclusion

For all of the foregoing reasons, NAIC's motion *in limine* should be denied.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, Suite 300
Post Office Box 171300
Kansas City, Kansas 66117-1300
Telephone:   (913) 371-3838
Facsimile:   (913) 371-4722
E-mail: ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
    GREGORY P. GOHEEN    #58119

and

Peter J. Gallagher
Steven D. Johnson
Shannon J. Fields
JOHNSON GALLAGHER MAGLIERY, LLC
99 Wall Street, 15th Floor
New York, New York 10005
Telephone: (212) 248-2220
Facsimile:   (212) 248-0170
E-mail: pgallagher@kjglaw.com
    sjohnson@kjglaw.com
    sfields@kjglaw.com

Attorneys for Plaintiff Aithent, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system and/or mailed, postage pre-paid, on this 10th day of May, 2013 to:

Jeffrey J. Simon
Michael S. Hargens
Husch Blackwell, LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112

Attorneys for Defendant

/s/ Gregory P. Goheen