UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

AITHENT, INC.,

          Plaintiff,

-against-

THE NATIONAL ASSOCIATION OF INSURANCE COMMISSIONERS,

          Defendant.

Case No. 4:11-CV-00173-GAF

### PLAINTIFF'S SUPPLEMENTAL SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNTS I, II AND V (DKT. #113)

Plaintiff submits this supplement to its Suggestions in Opposition to Defendant's Motion for Summary Judgment on Counts I, II and V filed February 5, 2013. (Dkt. #113) pursuant to the Court's Order (Dkt. #175) entered May 13, 2013.

### ADDITIONAL ARGUMENT

Defendant's position is that New York law governs the statute of limitations on Count II because "the essence" of Plaintiff's claims under Count II "is damage (or economic injury) from not receiving royalties" that Plaintiff should have received. (Defendant's Suggestions in Support of its Motion for Summary Judgment on Counts I, II and V (Dkt. #86), pp. 64-65.) Under New York law, where the breach consists of a failure to pay money that became due on a periodic basis throughout the contract term (as Defendant concedes it is here), a new claim arises each time a payment date passes without the proper amount being paid. *See, e.g.*, Sirico v. F.G.G. Productions, Inc., 896 N.Y.S.2d 61, 66 (N.Y. App. Div. 2010); *see also* Order on Motion to Dismiss, dated May

18 2011 (Doc. 25). As a result, Plaintiff's claims under Count II are timely under New York law to the extent they arose within the six years prior to Plaintiff's filing of this lawsuit. Plaintiff's argument that no claim under Count II arose after July 2003 because Defendant had begun processing one type of transaction in a limited number of states at that time is contrary to the way New York law analyzes statute of limitations issues in the context of an agreement to make recurring payments over time.[1]

For all these reasons and the reasons set forth in Plaintiff's Suggestions in Opposition filed February 5, 2013 (Dkt. #113), NAIC's motion for summary judgment on Counts I, II, and V should be denied.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, Suite 300
Post Office Box 171300
Kansas City, Kansas 66117-1300
Telephone: (913) 371-3838
Facsimile: (913) 371-4722
E-mail:ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
    GREGORY P. GOHEEN    #58119

---

[1] Aithent's Count II would be timely even if the Missouri statute of limitations applied because under Missouri law, a "cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained." *Creative Mktg. Associates, Inc. v. AT & T Corp.*, 03-0211-CV-W-HFS, 2005 WL 2250831, at *3 (W.D. Mo. Sept. 15, 2005) *aff'd sub nom. Creative Mktg. Associates, Inc. v. AT & T*, 476 F.3d 536 (8th Cir. 2007).

and

>Peter J. Gallagher
>Steven D. Johnson
>Shannon J. Fields
>JOHNSON GALLAGHER MAGLIERY, LLC
>99 Wall Street, 15th Floor
>New York, New York 10005
>Telephone: (212) 248-2220
>Facsimile: (212) 248-0170
>E-mail: pgallagher@kjglaw.com
>  sjohnson@kjglaw.com
>  sfields@kjglaw.com

>Attorneys for Plaintiff Aithent, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system and/or mailed, postage pre-paid, on this 15th day of May, 2013 to:

Jeffrey J. Simon
Michael S. Hargens
Husch Blackwell, LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112

Attorneys for Defendant

>  /s/ Gregory P. Goheen