## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| AITHENT, INC., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | )   **Case No.: 4:11-CV-00173-GAF** |
| **v.** | ) |
| | ) |
| NATIONAL ASSOCIATION OF INSURANCE | ) |
| COMMISSIONERS, | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S OPPOSITION TO AITHENT'S MOTION FOR LIMITED DISCOVERY

Desperate times call for desperate measures, and as this motion makes clear, Aithent is desperate. Aithent learned at last week's pretrial conference that the damages theory which it has pursued throughout this litigation is so infirm that it likely will not be admissible at trial. Shortly after hearing this ghastly news, Aithent began scrambling to contrive a way out of its self-created dilemma.[1]

In its spasmodic efforts, ***Aithent has made outright misrepresentations to this Court*** in an effort to derail the final resolution of this lawsuit and completely change its damages theory 826 days after this lawsuit was filed and 28 days before trial.[2] NAIC does not make this assertion lightly, but there is no other way to describe Aithent's conduct.

Aithent's motion is grounded in this assertion: that "Aithent just discovered an e-mail" which suggests that NAIC has been withholding information, and that this email is one that

---

[1] This motion is Plan B – blame NAIC for not producing information and ask for discovery to be re-opened. Plan C – to create an entirely new damages theory based upon NIPR's 2012 Annual Report – is the subject of a separate motion, and a forthcoming separate Opposition.

[2] 27 days as of the date of this Opposition.

1

"Aithent's counsel very recently reviewed."  Doc. 187 at 1, 6.  These representations by Aithent are false.   The truth is:

- NAIC produced the "just discovered" email to Aithent in *November 2011*—18 months ago; and

- NAIC again produced the "just discovered" email, this time in electronic format with an attached report,  in *April 2012*—13 months ago; and

- Aithent's counsel *used* the "just discovered" email *as a deposition* **exhibit** and questioned NAIC's Julie Fritz about it in her Rule 30(b)(6) deposition in *October 2012*; and

- Aithent included this "just discovered" email on its exhibit list, filed earlier this month.

The reason for Aithent's scandalous and desperate motion is clear: at the pretrial conference this Court indicated that it was likely to sustain NAIC's objection to Aithent's reliance on NIPR's gross revenue as a measure of Aithent's damages.  This ruling—while absolutely appropriate—would essentially gut the case and the damages theory that Aithent has tried to develop for the past two years.  Aithent knows this and is trying anything it can, including resorting to misrepresentations, in a desperate attempt to restart discovery in this case and fix the problems it has created for itself.[3]

Aithent is now attempting to manufacture a discovery dispute in the final weeks before trial because this Court has indicated that Aithent may not have a submissible damages theory. Because Aithent has pursued its gross revenue theory for the past two years, and because this

---

[3] NAIC says that Aithent knows this because Aithent has already requested leave to add additional documents to its exhibit list "in light of the Court's indication, during the pre-trial conference on May 14, that it may not permit Aithent to estimate its lost royalties for the contested producer licensing transactions . . . using the revenue figure . . . that NAIC represented in its interrogatory responses."  Doc. 185 at 1.  While this is discussed in full in NAIC's opposition thereto, failing to prepare a submissible case the first time around is not good cause needed to add exhibits after the deadline has passed.

2

Court indicated it is inclined to agree with NAIC's position that such a theory would be speculative and unreliable, Aithent is now asking for a "do-over." There are no mulligans in litigation, however. Aithent's motion is completely baseless and should be denied.

## I. Aithent Has Misrepresented the Facts to this Court[4]

Aithent has repeatedly stated that its motion is based on an email that "Aithent's counsel very recently reviewed." Doc. 187 at 6. According to the motion, "Aithent just discovered an email" that Aithent is now using as the basis for this motion. Doc. 187 at 1. Aithent's statements could not be any less truthful.

NAIC produced this email that Aithent "just discovered" on November 10, 2011—18 months ago. See November 10, 2011 cover letter accompanying production, attached hereto as Exhibit A. NAIC again produced the email, this time in electronic format with the attachment, on April 16, 2012. See April 16, 2012 cover letter accompanying production, attached hereto as Exhibit B.

Lest there be any doubt that Aithent actually reviewed the email prior to "very recently"—not that that would be a sufficient basis for this motion anyway—Aithent's counsel, Peter Gallagher, *marked this email as Deposition Exhibit 121 and asked Ms. Fritz (NAIC's Rule 30(b)(6) witness) about it at her deposition in October 2012*. Deposition Exhibit 121, attached hereto as Exhibit C; Deposition transcript of Ms. Fritz at 385:19-388:15, attached hereto as Exhibit D (asking Ms. Fritz in October 2012 about the same email which Aithent now claims it "just discovered" and "very recently reviewed"). And more recently, Aithent marked this email as a trial exhibit. Doc. 174, Aithent Exhibit 174.

---

[4] NAIC does not use this terminology lightly, nor is NAIC engaging in hyperbole. The only conclusion that can be reached from the record is that Aithent has knowingly presented an inaccurate picture to this Court in an attempt to blame NAIC for Aithent's woes. As NAIC has previously noted, the factual record presented by Aithent is often unreliable and bears close scrutiny. (Doc. 115 at p. 3-5; Doc. 155 at 2-4).

KCP-4327029-1

The reality is Aithent has had this email for more than one and one-half years. Aithent has used this email in discovery. But now Aithent is telling this Court that it "just discovered" this email and that "Aithent's counsel very recently reviewed [it]." Doc. 187 at 1, 6. These representations are **false**. They are inexcusable. And they are the *sole basis for this motion*.

## II.     This Database Would Not Cure Aithent's Failed Damages Theory[5]

Aithent purports that this email which it "just discovered" somehow holds the key to its damages. It does not. There is nothing in the email to suggest anything other than what NAIC has been telling Aithent throughout this lawsuit—NAIC did not track Non-SBS State revenues in the same manner as SBS State revenues so as to account for the five-year SBS Royalty Period (which Aithent calls the "Five Year Rule.") There was no accounting for transactions rolling off after five years in Non-SBS States because there was no need to account for that. The assumptions and speculation of Aithent's counsel notwithstanding, there is nothing new here.[6] There is nothing inconsistent between the document and NAIC's position in discovery. There is certainly nothing here that was "just discovered." There is no explanation from Aithent as to why it did not attempt to use these very documents to develop its speculation that NAIC "failed to produce important evidence" during the deposition of Julie Fritz or elsewhere in discovery. As will be shown, Aithent chose not to pursue a reasonable and detailed damages theory. That was Aithent's choice and it must now live with the consequences.

---

[5] NAIC does not believe that Aithent's motion deserves a full response on the merits, as it is procedurally improper and premised on an outright lie to this Court. NAIC has briefly addressed the issue here but would request an opportunity to do so should the Court for some reason entertain this baseless motion.

[6] NAIC would note as an aside that the email does not refer to revenue for Non-SBS States during the five year SBS Royalty Period. It refers to a report for SBS States and a report for essentially everything else (a combined figure including a mix of Non-SBS States and former SBS States where the royalty right has "expired"). Nevertheless, it is not for lawyers to debate the meaning of these emails, as Aithent has attempted to do. If Aithent had suppositions as to what this email and its attachment constitute, Aithent should have used this information more extensively in Ms. Fritz's deposition or in others to determine what exactly the parties to the email are discussing. The time to do so ended on October 24, 2012 when discovery closed.

KCP-4327029-1

### III.    Aithent Deliberately Chose its (Infirm) Damages Theory

Aithent is asking this Court—two years after this case was filed and 28 days before trial—for permission to create an entirely new damages theory.  Aithent could have taken a different path in this lawsuit, but chose not to.

As NAIC has repeatedly stated, Aithent could have chosen to engage a damages expert to attempt to formulate a cogent damages theory based upon available information.  Or, Aithent could have conducted additional discovery on the database it now seeks to examine—more than one year after learning about it.  Or, Aithent could have deposed Brady Kelley, NAIC's Chief Financial Officer, who is included in the chain of the "just discovered" email.  In fact, Aithent did request and schedule Mr. Kelley's deposition, then cancelled it after deposing Ms. Fritz.  Aithent, however, chose to do none of these things.

During Ms. Fritz's eleven-hour deposition—during which  Aithent marked the "just discovered" email as an exhibit —it is clear that Aithent was more interested in trying to get  Ms. Fritz to say that calculating Aithent's damages would be "impossible" than it was in actually finding a way to determine those damages with any certainty.[7]  Ex. D at 475:19-476:2, 486:6-18.  It is now evident, based upon Aithent's arguments on summary judgment and *in limine*, that this line of questioning was strategic, and was designed to set up Aithent's one-half (or, alternatively, five-sixths of one-half) of "gross revenue" damages theory.

 Although Aithent now has real reasons to second guess that strategic decision, it is not an innocent victim of circumstance.  Aithent chose this path, which it has repeatedly and

---

[7] Ms. Fritz was deposed as a Rule 30(b)(6) witness testifying with regard to *inter alia* "The revenue earned by NAIC, and by NIPR, in connection with the transactions described in subsection 6, from 2002 through the present, **including knowledge of the revenue that NAIC and/or NIPR has derived from Transactions in the SBS States and in the Non SBS States**."  Aithent 30(b)(6) notice, attached hereto as Exhibit E.  In short, Aithent's motion for additional discovery seeks to a deposition it has already taken.

emphatically argued to this Court is the correct path. And now, Aithent does not like the destination.

The important point is that Aithent had the "just discovered" email for 18 months and had every opportunity to do whatever it wanted with the information in that email. Aithent has asserted all along that NIPR's gross revenue figures are an appropriate measure of damages. NAIC has challenged that assumption from the outset because such a figure would be inflated, speculative, and wholly inaccurate. Now that (1) discovery has closed; (2) the parties have briefed summary judgment; (3) NAIC has submitted a motion in limine on the issue; and (4) the Court has indicated that it may well agree with NAIC's position, Aithent is seeking to start all over again and hope for a different outcome the *second* time around. This is not even an out-of-time discovery dispute brought by Aithent months after discovery closed. It is a *discovery wish-list* that Aithent has only now devised after discovery has closed, summary judgment has been briefed, and this Court has ruled on motions in limine. It is far too late in the day for such an approach.

NAIC has been defending this lawsuit for more than two years and the end is finally in sight. Aithent's assertion that NAIC has been withholding information, offensive and unsubstantiated as it is, is simply false. NAIC has produced hundreds of thousands of pages of documents, including the "just discovered" email at the heart of this motion.

Moreover, the rulings of this Court are *not* advisory opinions. Aithent's attempt to start over would be no less absurd if it attempted mid-trial to go back and create new evidence to support its claims. There are no trial balloons at this stage of litigation. The parties have each had a full opportunity to develop their claims and defenses, and Aithent's briefing has repeatedly stated that their claims are sufficiently developed. Now, after the Court has signaled its

KCP-4327029-1

inclination against Aithent's position, is not the time to plug gaping holes or pursue alternative theories that Aithent previously disregarded. Now is the time for Aithent to submit its claims as developed and see if they succeed or fail.

## IV. The Implications of Aithent's Motion are Unacceptable

While Aithent purports to seek only documents and a "brief deposition," the reality of this motion is far more extensive, and for the NAIC, far more troubling. Aithent is now seeking an opportunity to conduct wholesale discovery on "Plan B", a brand new self-styled "alternative" damages theory. Doc. 185 at 2. It is a theory that Aithent hopes will withstand this Court's scrutiny. Aithent's new theory has <u>never</u> been disclosed to NAIC and NAIC has had <u>no opportunity</u> to explore potential defenses in connection with it. Consequently, Aithent's motion is not seeking simply documents and a deposition. Aithent seeks to inject a brand new, multi-million dollar issue into this case—28 days before trial. Any re-opening of discovery now would make mockery of this Court's rules for orderly development and resolution of pending cases, and the goal of a "just, speedy, and inexpensive determination" of this lawsuit. Fed.R.Civ.P. 1.

Aithent would have NAIC continue to incur fees and pointless work because Aithent's Plan A may not turn out as it would like. That is hardly a reasonable justification for this request. Coupled with the misrepresentation that serves as the basis for this request and the spurious accusations that NAIC "failed to produce important evidence," this motion is appalling.

## V. All Things Must Come to An End

This case is reaching its end at an increasing rate of speed. Summary judgment motions will most likely be ruled very soon. Trial is less than a month away. And the evidentiary scope of that trial has now been determined by this Court.

7

KCP-4327029-1

Case 4:11-cv-00173-GAF   Document 189   Filed 05/22/13   Page 7 of 9

As the end draws nigh, Aithent has had a glimpse of the likely result, and it has tried everything it can to stop it.  Uncomfortable as it may be, the parties must now press forward to complete the journey which Aithent initiated in February 2011.   We cannot start over on the critical issue of damages now that Aithent has been told that its chosen strategy may not carry the day.   This is why NAIC respectfully requests that this Court deny Aithent's motion.

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ Jeffrey J. Simon
Jeffrey J. Simon          MO# 35558
Michael S. Hargens     MO# 51077
Aaron J. Mann            MO# 53220
Judd M. Treeman         MO# 64392
4801 Main Street, Suite 1000
Kansas City, MO  64112
Telephone (816) 983-8000
Facsimile (816) 983-8080
jeff.simon@huschblackwell.com
michael.hargens@huschblackwell.com
aaron.mann@huschblackwell.com
judd.treeman@huschblackwell.com

Attorneys for Defendant National Association of
Insurance Commissioners

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was forwarded on May 22, 2013, via the Court's CM/ECF system, to:

Gregory P. Goheen
McAnany VanCleave & Phillips, P.A.
10 E. Cambridge Circle Drive, Suite 300
P.O. Box 171300
Kansas City, KS  66117

Peter J. Gallagher
Steven Johnson
Shannon Fields
Johnson Gallagher Magliery LLC
99 Wall Street, 15th Floor
New York, NY  10005

/s/ Jeffrey J. Simon