Michael S. Hargens
Partner

4801 Main Street, Suite 1000
Kansas City, MO  64112
Direct: 816.283.4636
Fax: 816.983.8080
michael.hargens@huschblackwell.com

April 16, 2012

**Via Email and Overnight Delivery**

Peter J. Gallagher
Steven Johnson
Johnson Gallagher Magliery LLC
99 Wall Street
15th Floor
New York, NY  10005

     RE:    Aithent v. NAIC

Dear Peter and Steve:

This letter will address the issues raised in Steve's April 5, 2012 letter to me, as well as other discovery issues that have arisen.

### Aithent's Third Production of Documents; Aithent Depositions

We received Aithent's third production of documents on April 6, and are in the process of reviewing the documents included in that production. Although we are just commencing our review of this production, our preliminary review has led to the following issues and questions:

- The metadata shows that the production is comprised of electronic documents from eight custodians. However, these custodians do not include the three custodians likely to have the most pertinent responsive documents: Venu Gopal, Jim Cordiera and Bill Bandon. Please let us know when we can expect to receive responsive electronic documents from these three custodians.

- We have noticed that many of the documents that were included in the third production contain the "=" symbol within the text/body or address lines of an email. It appears that this problem is fairly widespread throughout the production. We have concerns that this may affect our ability to locate all pertinent documents when we perform certain key word searches. Please let us know what has caused this problem, and whether you have any proposed solutions for correcting it.

- Our review of the documents that were created prior to the execution of the License Agreement has not revealed any documents showing any projected values of the License Agreement or expected royalty streams therefrom. Such documents would be responsive to Requests #3-5, 66, and 71-72 of NAIC's Requests for Production of Documents. Also, there do not appear to be any documents from this period of time supporting Aithent's assertion that it was "about to license" LEO to an entity in the insurance regulatory licensing market prior to execution of the Agreement. Any such documents would be responsive to Requests #40-41, 56-57, 59, 65, 69, 73 and 79-80. Please confirm that no such documents exist, or, if they do, please identify the location of such documents.

Please let us know when Aithent will complete its final production of documents. We need the opportunity to review and analyze these documents because depositions are rapidly approaching. The sheer size of Aithent's third production, and the fact that there will be another large production forthcoming from Aithent, has hampered our ability to prepare for and take the 30(b)(6) deposition of Aithent on April 26.

Also, we have heard no response regarding our request that you provide available dates for the depositions of Venu Gopal, Atul Mathur, Doug Feder, Bill Bandon, Ron Minafri, Pradeep Prasad, Kamal Haidyer and Padamjeet Singh, all of whom were identified in a November 23, 2011 letter from Jeff Simon, as well as a March 30 letter from me.

### Aithent's Revised Second Production of Documents

Pursuant to your request, we have replaced Aithent's original second production of documents with the revised second production which you sent to us. As such, we have enclosed with this letter the two flash drives which contained Aithent's original second production.

**Revenue Information for Other Transactions**

In your letters dated March 7 and April 5, you requested that NAIC produce documents sufficient to identify the revenue that NAIC or NIPR has earned, in SBS states and non-SBS states, from February 2005 through the present, in connection with nine additional transactions. In my March 22 letter to you, I set forth several reasons why NAIC objects to this request. One such objection was that financial information related to these transactions is not relevant to any issue present in this case, especially given the fact that many of the requested transactions (including PDB alerts, PDB Lookups, PDB Batch, Company Appointment Reports and the Company Specialized Reports) were in existence prior to the execution of the License Agreement. If these transactions were intended to be covered under the Agreement, then they would have been specifically mentioned in the Agreement.

Further, the NAIC does not agree to produce this information because Aithent's Document Requests #40 and 46 do not request this information. Request #40 seeks monthly revenues generated by Front-End Processing in SBS and non-SBS states on "Transactions." The term "Transaction," as defined in Aithent's requests for production, encompasses Non-Resident Licensing, Non-Resident Licensing Renewals, Appointment Renewals, Resident Licensing, Resident Licensing Renewals, Continuing Education Transactions, and Appointments/ Terminations in states not listed on Exhibit D to the License Agreement. Of course, these transactions are separate and distinct from the nine transactions listed in your March 7 letter to me. As such, the requested information is not covered by Request #40.

Request #46 seeks all documents that support or contradict the allegation in NAIC's counterclaim that it has paid the full amount of royalties owing to Aithent. The requested financial information is not responsive to this request because it will neither support nor contradict the above-mentioned allegation. It is undisputed that, for the reasons previously set forth in this litigation, NAIC did not pay any royalties to Aithent on these specific transactions. Providing financial information regarding revenues generated by these transactions will not support or contradict the allegation that the royalty amounts paid to Aithent were proper.

**Unavailability of Certain Specific Revenue Figures from 2005**

In your April 5 letter, you inquired as to the reason why I stated in my March 22 letter that the NAIC does not have sufficient data and records at its disposal to provide revenue figures for February 2005-December 2005 in response to Aithent's Interrogatory #9. Interrogatory #9 requested the revenue that NIPR earned, per Electronic Transaction, in non-SBS states. We

have already provided you with the revenue figures in NAIC's possession for the time period of 2006-2011. Revenue figures are unavailable for February 2005-December 2005 because during that period of time revenue information was not maintained on a per transaction basis for transactions occurring in non-SBS states. Further, it is not possible to ascertain the revenue earned solely from transaction fees on these transactions, because any information regarding fees also included credit card fees charged to the user. Finally, neither the NAIC nor NIPR was obligated to retain detailed transaction fee revenue information for individual transactions occurring in non-SBS states. In sum, NAIC simply does not have the necessary revenue information to answer Interrogatory #9 for the time period of February 2005-December 2005.

### Supplemental Response to Aithent Interrogatory #10

Per the statement in my March 12 letter, we will agree to supplement our response to Aithent's Interrogatory #10 to include information in NAIC's possession regarding certain revenue earned by NIPR in SBS states on particular transactions. We expect to be able to supplement this response within the next 7-10 days.

### Subpoenas for Depositions

Our firm will be representing Cathy Weatherford and Karen Schutter at their depositions. As such, we will accept service of Aithent's deposition subpoenas on behalf of Ms. Weatherford and Ms. Schutter. Once we receive these subpoenas, we can finalize the logistics of the depositions. We will let you know as soon as possible whether the requested deposition dates will work for the deponents. Also, we would suggest that the parties agree that each deposition be conducted at the office of the firm representing the particular deponent.

With respect to the Sircon deposition, please let us know whether this deposition will be moving forward on May 3. Also, to the extent that you receive documents from Sircon in advance of the deposition, we request that you provide us with a copy of any such documents.

### NAIC's Production to Aithent

Enclosed with this letter is a further production of documents from NAIC to Aithent. The documents included in this production are labeled "NAI006801 – NAI008249 and NAI_E300150 – NAI_E327809." Following this production, we anticipate making one final production to Aithent.

Peter J. Gallagher
Steven Johnson
April 16, 2012
Page 5

      Please let me know if you have a question regarding any of the issues addressed in this letter. As always, the statements and positions set forth in this letter are not intended to be a complete statement or waiver of the NAIC's rights with respect to discovery. We look forward to hearing from you.

                Best regards,

                Michael S. Hargens

MSH

Enclosures